IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANNY GODWIN, #208488, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-407-WKW |
| | ) | |
| ROBERT BENTLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is currently pending before the court on a complaint

filed by Danny Godwin ["Godwin"], a state inmate, challenging the mental health treatment

provided to him during his confinement at the Staton Correctional Facility.  Godwin also

presents general challenges to the overcrowding present in the prison system and the

security provided by correctional officials.  In the complaint and memorandum brief filed

in support of the complaint, Godwin seeks class certification of this action.  *Doc. No. 2* at

1 and *Doc. No. 3* at 1-2, 41.  Specifically, Godwin requests that he and two other inmates

listed in the complaint and domiciled at Staton be allowed to "bring this action on behalf

of themselves and all other prisoners (present and future) confined in the Alabama Prison

System ... as a result of Alabama Prison officials' systematic failure to 1) provide

minimally adequate health care, including medical, mental health, and dental care; and 2)

protect prisoners from injury and violence from other prisoners."  *Memorandum Brief -*

*Doc. No. 3* at 2.   The court therefore construes these documents to contain a motion to

certify class under Rule 23, *Federal Rules of Civil Procedure*.  Upon consideration of the

motion to certify case as a class action, the court concludes that this motion is due to be denied.

Godwin is a *pro se* inmate unschooled in the law who seeks to represent the interests of all inmates who are now incarcerated or will in the future be incarcerated in the Alabama prison system.  Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class."   Rule 23(a)(4), *Federal Rules of Civil Procedure*.   While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals.   The competence of a layman is "clearly too limited to allow him to risk the rights of others."  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981).   Moreover, the court finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief.   Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*.   Furthermore, the court finds that the questions of fact affecting the individuals who seek to represent the class should be tried on their own merits and the questions of fact common to the proposed class members – all current and future state inmates – do not predominate over such questions.   Rule 23(b)(3), *Federal Rules of Civil*

*Procedure*; *see also England*, 516 F.Supp. 144 (denying *pro se* plaintiffs' request to certify action as a class action finding that "any declaratory relief granted ... would likely inure to the benefit of other similarly-situated individuals" even absent grant of request for class certification).  Thus, the court concludes that the plaintiff's motion to certify this case as a class action is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion to certify case as a class action be DENIED.

It is further

ORDERED that on or before August 12, 2013 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

3

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE